UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILLIP SKIPPER                                                    CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                                  NO. 14-651-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 6, 2017.

                                                              _____
                                                              RICHARD L. BOURGEOIS, JR.
                                                              UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

PHILLIP SKIPPER                                              CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                            NO. 14-651-JJB-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Phillip Skipper, challenges the validity of his conviction, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of aggravated rape. The petitioner contends that his right to substantive due process and his rights under the *Ex Post Facto* Clause were violated when the Louisiana Supreme Court retroactively applied Louisiana Revised Statute 15:574.4(A)(2).[1]

**Factual Background and Procedural History**

On March 4, 2010, following a jury trial, the petitioner was found guilty of aggravated rape. On May 14, 2010, the petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

The petitioner appealed his conviction and sentence. While his appeal was pending the United States Supreme Court issued its opinion on *Graham* v. *Florida*, 560 U.S. 48 (2010) holding that the Eighth Amendment prohibits the imposition of a life-without-parole sentence on a juvenile offender for a nonhomicide offense. Citing to *Graham*, the state appellate court affirmed the petitioner's conviction, vacated the sentence, and remanded the matter to the trial court. *See State v. Skipper,* 11-0004 (La. App. 1 Cir. 6/17/11), 2011 WL 2448013.

---

[1] The petitioner's claims are overlapping; therefore, they have been consolidated.

The State appealed, and the Louisiana Supreme Court reversed the appellate court's order that the petitioner be resentenced. The Court then ordered that the petitioner's sentence be amended to delete the denial of parole eligibility. Citing to *State v. Shaffer*, 11-7753 (La. 11/21/11), 77 So.3d 939, the Court also ordered the Department of Corrections to revise the petitioner's master record to reflect that his sentence was no longer without benefit of parole, and to provide the petitioner with a parole eligibility date pursuant to the criteria in Louisiana Revised Statute 15:574.4(A)(2). *See State v. Skipper,* 11-1598 (La. 2/1/12), 79 So.3d 1011.

The petitioner sought review in the United States Supreme Court, and his petition for writ of certiorari was denied on October 1, 2012. *See Skipper v. Louisiana*, 568 U.S. 835 (2012). In January of 2013, the petitioner filed a Motion to Correct an Illegal Sentence. The trial court denied the Motion on the grounds that the decision of the Louisiana Supreme Court complied with the requirements of *Graham.* Writs were denied by the appellate courts. *See State v. Skipper,* 13-1357 (La. App. 1 Cir. 11/21/13), 2013 WL 1210293 and *State ex. rel. Skipper v. State,* 13-2996 (La. 8/25/14), 147 So.3d 698. The instant application for habeas corpus relief was filed in this Court on October 7, 2014.

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a

conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id*. *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The State contends that, applying this standard to the petitioner's claims, there is no basis for the granting of habeas relief.

## Substantive Review

The petitioner contends his right to substantive due process and his rights under the *Ex Post Facto* Clause were violated by the Louisiana Supreme Court when it retroactively applied Louisiana Revised Statute 15:574.4(A)(2), a statute that did not exist at the time of the offense committed. These claims will be considered together because they are founded on similar concerns. While the Due Process and *Ex Post Facto* Clauses apply in different contexts, they are similar in that they "safeguard common interests—in particular, the interests in fundamental fairness (through notice and fair warning) and the prevention of the arbitrary and vindictive use of the laws." *Rogers v. Tennessee,* 532 U.S. 451, 460 (2001).

In *Graham* v. *Florida*, 560 U.S. 48 (2010), the Supreme Court held that the United States Constitution prohibits the imposition of a sentence of life without parole on a juvenile offender for a nonhomicide offense. Louisiana Revised Statue 15:574.4(B) provides, in pertinent part, that "no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years." La. R.S. 15:574.4(A)(2) provides, in pertinent part: "[A] person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five."

In *State v. Shaffer,* 11–1756 (La. 11/23/11), 77 So.3d 939, 942, the Louisiana Supreme Court found that *Graham* required Shaffer, and all other persons similarly situated, to have a meaningful opportunity to secure release as a regular part of the rehabilitative process. Accordingly, the Court held:

> "[T]he Eighth Amendment precludes the state from interposing the Governor's ad hoc exercise of executive clemency as a gateway to accessing procedures the state has established for ameliorating long terms of imprisonment as part of the rehabilitative process to which inmates serving life terms for non-homicide crimes committed when they were under the age of 18 years would otherwise have access, once they reach the age of 45 years and have served 20 years of their sentences in actual custody. The state thus may not enforce the commutation provisos in La. R.S. 15:574.4(A)(2) and 15:574.4(B) against relators and all other similarly situated persons, and the former provisions offer objective criteria set by the legislature that may bring Louisiana into compliance with the *Graham* decision. (Footnotes omitted)."

Similar to the petitioner's argument in the instant matter, the relators in *Shaffer* argued "that the appropriate remedy is to resentence them according to the penalties provided for the next lesser and included responsive verdict of attempted aggravated rape." *Shaffer,* 77 So.3d at 941. In rejecting the suggestion that the proper remedy is resentencing under a lesser and included offense, the *Shaffer* Court, 77 So.3d at 941–42, stated:

"We agree with relators that Louisiana must comply with the *Graham* decision but reject their proposed solution. In *Graham,* the Supreme Court held that "for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole." *Graham,* 560 U.S. at ——, 130 S.Ct. at 2030. The Court specifically observed: "A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants ... some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* The Court noted that a life sentence without parole "deprives the convict of the most basic liberties without giving hope of restoration, except perhaps by executive clemency—the remote possibility of which does not mitigate the harshness of the sentence." *Id.,* 560 U.S. at ——, 130 S.Ct. at 2027 (citing *Solem v. Helm,* 463 U.S. 277, 300–301, 103 S.Ct. 3001, 3015, 77 L .Ed.2d 637 (1983) (striking down a life sentence without parole for a habitual offender convicted of issuing a "no account" check, Court notes the difference between the availability of parole as a "regular part of the rehabilitative process" and commutation of sentence as "an ad hoc exercise of executive clemency"))."

Accordingly, the *Shaffer* court concluded that the appropriate remedy for a minor sentenced to life imprisonment without parole for a nonhomicide crime is to let the life sentence stand, but to delete the restriction on parole eligibility. Accordingly, the Court directed the Department of Corrections to revise Shaffer's prison master record according to the criteria in Louisiana Revised Statute 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole. The petitioner argues that the Louisiana Supreme Court's reliance on *Shaffer* to reverse the appellate court's order for and provide for eligibility for parole was to his detriment and therefore violated his right to substantive due process.

As an initial matter, it is axiomatic that because "there often arises a need to clarify or even to reevaluate prior opinions as new circumstances and fact patterns present themselves," *Rogers v. Tennessee,* 532 U.S. 451, 461 (2001), jurisprudence necessarily evolves rather than remains static. In light of that reality, a petitioner's right to substantive due process in judicial decisionmaking is violated only where there has been an "unjustified and unpredictable break[ ] with prior law." *Id.* at 462. Therefore, a change in decisional criminal law offends due process and violates the principle of fair warning "only where it is unexpected and indefensible by

reference to the law which had been expressed prior to the conduct in issue." *Id.* (quotation marks omitted).

The Louisiana Supreme Court's reliance on *Shaffer* did not violate the principle of fair warning. The Court in *Graham* held that sentencing juvenile offenders to life without the possibility of parole for nonhomicide offenses violated the Eighth Amendment; as a result, the state courts were then required to fashion a remedy for inmates serving such sentences. The petitioner notes that when resentencing was similarly required for some inmates after the United States Supreme Court held that mandatory death sentences were unconstitutional in *Roberts v. Louisiana,* 428 U.S. 325 (1976), the Louisiana Supreme Court held that the appropriate remedy was to resentence them by imposing the most serious penalty for the next lesser included offense. *See State v. Craig,* 340 So.2d 191 (La.1976). The petitioner argues that remedy for *Roberts* violations is similarly appropriate for inmates impacted by *Graham*; however, the petitioner's argument is flawed.

While it was a possibility that the state courts would adopt a similar remedy as a means to fix *Graham* violations, the issue is whether petitioner had a reasonable expectation that *Graham* violations would be remedied in the same manner as *Roberts* violations. If the petitioner had such an expectation, it was not reasonable. The *Graham* case presentenced a different problem, and the Louisiana Supreme Court in *Shaffer* chose to remedy the problem in a different manner. The *Shaffer* decision did not constitute a break with prior decisional law with respect to *Graham*-type violations, because there was no such law directly on point when *Shaffer* was decided. Accordingly, it cannot be said that petitioner had a reasonable expectation that *Graham* violations would be remedied in the same way as *Roberts* violations, or that the Louisiana

Supreme Court's application of *Shaffer* was so "unexpected and indefensible" as to violate his right to substantive due process.

Petitioner also claims that his rights under the *Ex Post Facto* Clause were violated by the Court of Appeal's application of Louisiana Revised Statute 15:574.4(A)(2) to his case. The United States Supreme Court has explained, "Although the Latin phrase *'ex post facto'* literally encompasses any law passed 'after the fact,' it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood,* 497 U.S. 37, 41 (1990). The Supreme Court further explained that the *Ex Post Facto* Clause is implicated only if a change in the law disadvantages a criminal defendant by redefining crimes, defenses, or punishment. In other words, retroactive application of a law violates the *Ex Post Facto* Clause only if it: (1) "punish[es] as a crime an act previously committed, which was innocent when done"; (2) "make[s] more burdensome the punishment for a crime, after its commission"; or (3) "deprive[s] one charged with crime of any defense available according to law at the time when the act was committed." *See id.* at 52.

The ruling of the Louisiana Supreme Court does not reflect any violation of the *Ex Post Facto* Clause. The petitioner did not have a sentence of less punishment prior to the Louisiana Supreme Court's application of Louisiana Review Statute 15:574.4(A)(2) on appeal. Rather, the plaintiff received a more favorable sentence as a life sentence with the possibility of parole is less burdensome than a life sentence without the possibility of parole. Accordingly, the Louisiana Supreme Court's decision did not implicate *Ex Post Facto* concerns.

As to the petitioner's argument that his case should have been remanded to the trial court for resentencing, the Supreme Court has made clear that life without parole for juvenile

offenders is unconstitutional, and the states must give the offenders "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560 U.S. at 75. However, the Court noted, "[i]t is for the State, in the first instance, to explore the means and mechanisms for compliance." *Id*. Louisiana has begun its exploration by way of *Shaffer* and legislation regarding how to comply with *Graham*. The Supreme Court has not clearly established in *Graham* or any other decision that the *Shaffer* approach the Louisiana Supreme Court took in this case, which made the petitioner eligible for parole, is unconstitutional. In fact, the Supreme Court specifically noted in *Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016) that a state may remedy a *Miller* violation (juvenile homicide offender sentenced to mandatory life without parole), by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. The Court further noted that allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment. *Id*. The Court has not given any indication that the same solution for juvenile nonhomicide offenders would run afoul of the constitution. Accordingly, the petitioner's claims are without merit.

### Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a

habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, the Court finds that reasonable jurists would not debate the denial of defendant's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed. It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on November 6, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**